No. 793      November 6, 2024      1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE ex rel Ellen F. ROSENBLUM,
in her official capacity as Attorney General for the
State of Oregon,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

LIVING ESSENTIALS, LLC,
a Michigan limited liability company;
and Innovation Ventures, LLC,
a Michigan limited liability company,
*Defendants-Respondents*
*Cross-Appellants.*

Multnomah County Circuit Court
14CV09149; A163980

Kelly Skye, Judge.

On respondents-cross-appellants' petition for reconsideration filed October 1, 2024, and appellant's-cross-respondent's response filed October 7, 2024, and respondents-cross-appellants' reply to response filed on October 8, 2024. Opinion filed September 18, 2024. 335 Or App 30, ___ P3d ___ (2024).

Michael J. Sandmire and Buchalter and Rachel Lee and Stoel Rives LLP, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, for response.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**LAGESEN, C. J.**

Defendants petition for reconsideration of our most recent decision in this matter, *State ex rel Rosenblum v. Living Essentials, LLC*, 335 Or App 30, ___ P3d ___ (2024) (*Living Essentials III*), which we issued following a remand from the Supreme Court. *See State ex rel Rosenblum v. Living Essentials*, *LLC*, 371 Or 23, 529 P3d 939 (2023) (*Living Essentials II*). They seek correction and clarification of statements we made in resolving the state's cross-assignment of error regarding defendants' entitlement to attorney fees under ORS 646.632(8). Having considered the parties' arguments, we agree that our decision needs to be corrected as follows.

We modify the phrase in which we noted that we previously "remanded for the trial court to determine, *in its discretion, whether and* what amount of attorney fees to award." *Living Essentials III*, 335 Or App at 33. We strike the italicized portion of the phrase and replace it with the words, "what amount of attorney fees to award."

We also modify the following paragraph:

> "We note that, in light of partial reversal and remand, defendants are not, at present, prevailing parties. However, our remand to the trial court leaves the possibility that defendants prevail. In the event that they do, our conclusion that defendants' AVC was satisfactory means that defendants would be eligible for a *discretionary* award of attorney fees under ORS 646.632(8)."

*Living Essentials III*, 335 Or App at 57 (emphasis added). We strike the above-quoted paragraph and replace it with the following paragraph:

> "We note that, in light of our partial reversal and remand, it will be for the trial court to enter an order addressing prevailing parties and to resolve any petition for attorney fees consistent with this opinion and our previous opinion."

Reconsideration allowed; former opinion modified and adhered to as modified.